```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ANTHONY J. MILANO,                   |
                                     |
              Plaintiff,             |
                                     |     05 Civ. 6527 (KMW)(DCF)
     -against-                       |     OPINION AND ORDER
_____|
MICHAEL J. ASTRUE, Commissioner      |
of Social Security,                  |
                                     |
              Defendant.             |
-------------------------------------X
KIMBA M. WOOD, U.S.D.J.:
```

Pro se Plaintiff Anthony Milano ("Plaintiff") brings this

employment discrimination action against Michael J. Astrue, the

Commissioner of Social Security ("Defendant").[1]  Plaintiff claims

that the Social Security Administration ("SSA") discriminated

against him on the basis of age and retaliated against him for

seeking redress with the Equal Employment Opportunity Commission.

Under the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§ 621-634, Plaintiff alleges discrimination

and retaliation related to (1) the SSA's failure to promote

Plaintiff on twenty occasions over a nine-year period; (2) the

extension of a colleague's temporary assignment; and (3)

Plaintiff's reassignment from a team leader to a program expert

(collectively, the "ADEA claims").  In addition, Plaintiff claims

---

[1] The Amended Complaint in this action named Joanne B. Barnhart,
the previous Commissioner of Social Security, as the defendant.  (D.E.
19.)  Michael J. Astrue, the current Commissioner of Social Security,
was automatically substituted as the defendant in this action.  See
Fed. R. Civ. P. 25(d).

that the SSA violated (4) the Privacy Act of 1974, 5 U.S.C. §
552a (the "Privacy Act claim"); and (5) the Civil Service Reform
Act, 5 U.S.C. §§ 2301(b), 2302(b) (the "CSRA claim").

Defendant moves for summary judgment seeking to dismiss
Plaintiff's complaint in its entirety.  Plaintiff cross-moves for
summary judgment.

## I.   Background

The factual background and procedural history of this action
are set forth in full in Magistrate Judge Freeman's Report and
Recommendation dated August 18, 2008 (the "Report"), familiarity
with which is assumed.  (See Report 1-41, D.E. 64.)  The Report
recommends that the Court grant Defendant's motion for summary
judgment in its entirety and deny Plaintiff's cross-motion for
summary judgment in its entirety.  (See id. at 2, 80.)

Plaintiff submitted timely objections to the Report.
Defendant submitted a timely response to Plaintiff's objections.
After review of the record, the Report, Plaintiff's objections,
and Defendant's response, the Court (1) adopts the Report in its
entirety, (2) grants Defendant's motion for summary judgment in
its entirety, and (3) denies Plaintiff's cross-motion for summary
judgment in its entirety.

## II.  Standard of Review of a Magistrate Judge's Report and Recommendation

Where no timely written objections have been filed, the
Court reviews a magistrate judge's report and recommendation for

2

clear error.  See Nelson v. Smith, 618 F. Supp. 1186, 1189
(S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee note.
Similarly, where a party "makes only conclusory or general
objections, or simply reiterates the original arguments," the
Court reviews for clear error.  Dixon v. Ragland, No. 03 Civ.
826, 2007 U.S. Dist. LEXIS 85159, at *2-3 (S.D.N.Y. Nov. 16,
2007) (citations omitted); see also Pilgrim v. Luther, No. 01
Civ. 8995, 2007 U.S. Dist. LEXIS 7410, at *7 (S.D.N.Y. Jan. 24,
2007) (citations omitted).  However, where a party has filed
timely written objections beyond those just described, the Court
reviews a magistrate judge's report and recommendation de novo.
See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

     Because Plaintiff proceeds pro se, his objections "are
generally accorded leniency."  Dixon, 2007 U.S. Dist. LEXIS
85159, at *3 (citation omitted).  Furthermore, the Court
construes Plaintiff's objections to "raise the strongest
arguments that they suggest."  Pabon v. Wright, 459 F.3d 241, 248
(2d Cir. 2006) (citation omitted).

**III. Clear Error Review of the Privacy Act and CSRA Claims**

     The Report recommends dismissing the Privacy Act claim
because "Plaintiff has failed to present evidence capable of
satisfying the elements of a Privacy Act violation."  (Report
79.)  The Report also recommends dismissing the CSRA claim
because "the CSRA does not provide Plaintiff with a federal

3

judicial remedy."  (Id. at 80.)  No party filed objections to
these recommendations.  Reviewing these recommendations for clear
error, the Court finds the Report to be well-reasoned and free of
any "clear error on the face of the record."  Fed. R. Civ. P.
72(b) advisory committee note; see also Nelson, 618 F. Supp. at
1189.  The Court therefore adopts the Report's recommendations to
dismiss the Privacy Act and CSRA claims.  Accordingly, the Court
grants summary judgment in favor of Defendant with respect to the
Privacy Act and CSRA claims.

**IV.  De Novo Review of the ADEA Claims**

The Report recommends granting Defendant's motion for
summary judgment with respect to the ADEA claims.  First, the
Report finds that one of Plaintiff's twenty failure to promote
claims is time-barred.  (See Report 49-52.)  Second, the Report
finds that "Plaintiff has failed to satisfy his burden of
producing sufficient evidence to create an issue of fact as to
pretext" with respect to all twenty failure to promote claims.
(Id. at 70.)  Third, the Report finds that Plaintiff "failed to
create a genuine dispute of fact as to the SSA's purported reason
for [his colleague's] extension."  (Id. at 71-72.)  Fourth, the
Report finds that "Plaintiff has not presented sufficient
evidence to demonstrate that the SSA's proffered reasons for his
reassignment [from a team leader to a program expert] are
pretextual and that discrimination or retaliation was the 'real

reason' for his reassignment."  (Id. at 78.)

Plaintiff objects to the Report's analysis and recommendations with respect to the ADEA claims.[2]  Although Plaintiff's objections largely repeat the arguments raised in his summary judgment papers, the Court exercises its discretion and reviews the ADEA claims de novo.  See Thomas v. Arn, 474 U.S. 140, 154 (1985).

After de novo review of the record, the Report's analysis of the ADEA claims, Plaintiff's objections, and Defendant's response, the Court adopts Magistrate Judge Freeman's thorough and well-reasoned Report in its entirety.  The Report thoroughly addresses most of Plaintiff's objections.  The Court finds that Plaintiff's remaining objections lack merit.  Accordingly, the Court grants summary judgment in favor of Defendant with respect to the ADEA claims.

## V.    Conclusion

For the reasons stated above, the Court adopts Magistrate Judge Freeman's thorough and well-reasoned Report in its entirety.  Accordingly, the Court GRANTS Defendant's motion for summary judgment in its entirety (D.E. 41), and DENIES Plaintiff's cross-motion for summary judgment in its entirety

---

[2] Plaintiff's objections are largely based on conclusory and speculative assertions.  The Court notes that "conclusory statements, conjecture, or speculation" do not create a genuine issue of material fact.  Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).

(D.E. 55).   The Clerk of Court is directed to close this case.

Any pending motions are moot.

    SO ORDERED.

Dated:  New York, New York
     September 26, 2008

              _____
                Kimba M. Wood
            United States District Judge