```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANTHONY J. MILANO,                   |
                                     |
             Plaintiff,              |
                                     |    05 Civ. 6527 (KMW)(DCF)
     -against-                       |       OPINION and ORDER
_____ |
MICHAEL J. ASTRUE, Commissioner      |
of Social Security,                  |
                                     |
             Defendant.              |
------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

    Pro se Plaintiff Anthony Milano ("Plaintiff") brought a employment discrimination action against Michael J. Astrue, the Commissioner of Social Security ("Defendant").  Plaintiff claimed: (1) that the Social Security Administration ("SSA") in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, discriminated against him on the basis of his age and retaliated against him for seeking redress with the Equal Employment Opportunity Commission; (2) that the SSA violated the Privacy Act of 1974, 5 U.S.C. § 552a, when Plaintiff's supervisor told Plaintiff's co-worker that Plaintiff was being reassigned before Plaintiff was told of the reassignment; and (3) that the SSA violated the Service Reform Act, 5 U.S.C. §§ 2301(b), 2302(b), by allegedly disregarding the "merit principles" in the promotion selection process.

    Defendant moved for summary judgment seeking to dismiss Plaintiff's complaint in its entirety.  Plaintiff cross-moved for

1

summary judgment.  The motions were referred to Magistrate Judge Freeman, who issued a Report and Recommendation dated August 18, 2008 (the "Report"), familiarity with which is assumed.

The Report recommended that the Court grant Defendant's motion for summary judgment in its entirety and deny Plaintiff's cross-motion for summary judgment in its entirety.  Plaintiff submitted timely objections to the Report.  Defendant submitted a timely response to Plaintiff's objections.

After reviewing the record, the Report, Plaintiff's objections, and Defendant's response, the Court in an Opinion and Order dated September 26, 2008 (hereinafter "the Order") (1) adopted the Report in its entirety, (2) granted Defendant's motion for summary judgment in its entirety, and (3) denied Plaintiff's cross-motion for summary judgment in its entirety. The Court assumes familiarity with the Order.

On October 14, 2008, the Plaintiff filed a motion for reconsideration.[1]  For the following reasons, the Court DENIES Plaintiff's motion for reconsideration.

---

[1] The Court notes its obligation to construe a pro se Plaintiff's submissions to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted); Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (explaining that a document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer").

2

**I. Legal Standard**

Plaintiff seeks reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").[2]  The standard for a motion for reconsideration is strict, and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Courts should not grant a motion for reconsideration when the moving party seeks solely to relitigate an issue already decided. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (internal quotations and citations omitted). Likewise, courts should not grant a motion for reconsideration in order to allow a party "[to] advance new facts, issues or arguments not previously presented to the Court." Id.

The decision to grant or deny the motion is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

---

[2] Plaintiff states that he seeks a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(a) ("Rule 59(a)").  Rule 59(a) is inapplicable because judgment was not entered after a trial.  Accordingly, the Court construes Plaintiff's motion for reconsideration as a motion pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment.

**II.  Analysis**

Plaintiff does not identify controlling law or data that the Court overlooked and that would affect, if considered, the outcome of the case.  See Shrader, 70 F.3d at 257.

In his motion for reconsideration, Plaintiff argues: (1) Richard Dooley and Jane Zanca were not eligible for the Best Qualified Lists for the Disability Program Administrator position; (2) Bonnie Muir's statements regarding her qualifications are not credible; (3) Robert Sayre's voluntary service beyond the 120-day detail was expressly forbidden by the Management Officials Promotion Plan; (4) Plaintiff is entitled to inferences in his favor because SSA destroyed documents it was required to save; (5) Julio Infiesta's references to Plaintiff's job performance were unsubstantiated; and (6) Plaintiff established a prima facie case of retaliation.

In making these six arguments, Plaintiff mostly reiterates arguments that already have been considered and rejected by the Court.[3]  To the extent that Plaintiff goes behind reiterating

---

[3] In his briefing in support of the motion for reconsideration, Plaintiff states that the Court did not respond in its Order to several of Plaintiff's objections.  However, the Court did respond to Plaintiff's objections.

The Court, in its Order, adopted Magistrate Judge Freeman's Report after reviewing de novo the recommendations to which the parties filed objections.  The Court explained that it found the Report to be "well-reasoned," and, therefore, found the Plaintiff's objections to the Report to be without merit.

The Court was not obligated to articulate in greater detail its legal and factual analysis.  Magistrate Judge Freeman had already effectively articulated a cogent factual and legal basis

4

---

for her recommendations – recommendations that the Court adopted in their entirety.  Had the Court found the Plaintiff's objections to the Report's recommendations meritorious, then the Court would have needed to further elaborate on the legal and factual basis for its decision.  However, as indicated in the Order, the Court did not find Plaintiff's objections to be meritorious.  Accordingly, Plaintiff's contention that the Court did not respond to several of his objections in the Order is unfounded.

arguments, he presents new evidence[4] and new arguments[5] that cannot be introduced at the motion for reconsideration stage. See Shamis, 187 F.R.D. at 151.

Plaintiff provides no reason for the Court to reconsider the Order; therefore, the Court will not do so.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration (D.E. 69) is DENIED.

SO ORDERED.

Dated:   New York, New York
         April 29, 2009

                                    _____
                                         Kimba M. Wood
                                    United States District Judge

---

for her recommendations – recommendations that the Court adopted in their entirety. Had the Court found the Plaintiff's objections to the Report's recommendations meritorious, then the Court would have needed to further elaborate on the legal and factual basis for its decision. However, as indicated in the Order, the Court did not find Plaintiff's objections to be meritorious. Accordingly, Plaintiff's contention that the Court did not respond to several of his objections in the Order is unfounded.

[4] Plaintiff states, "I can also submit evidence that Infiesta provided two 120-day temporary promotions to Financial Management employees when the Team Leader left the position on 2006."

[5] For example, Plaintiff states: "I also now argue that 404.1620(a) provides that the States, and not the federal government, will provide the 'qualified personnel' violates the Tenth Amendment."

5